F I L E D
CLERK OF COURT
2025 MAY 23 PM 3: 30
SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, ) | CRIMINAL CASE NO. **CM0324-23** |
| ) | GPD REPORT NO. 23-22732 |
| ) | |
| vs. ) | |
| ) | |
| ) | DECISION AND ORDER |
| **MARIA KATHERINE VILLAGOMEZ,** ) | RE. DEFENDANT'S MOTION TO DISMISS |
| DOB: 12/30/1997 ) | CHARGE 3 FOR LACK OF |
| ) | PROBABLE CAUSE |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon Defendant Maria Katherine Villagomez's ("Defendant" or "Defendant Villagomez") Motion to Dismiss Charge 3 for Lack of Probable Cause. Representing the Defendant is Assistant Alternate Public Defender Tyler S. Scott. Representing the People of Guam ("the People") is Assistant Attorney General Valerie A. Nuesa. The Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM on March 5, 2025.

After reviewing the Defendant's Motion and the People's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the Defendant's Motion.

//

//

## RELEVANT BACKGROUND

**A.      The Magistrate's Complaint and the allegations contained therein.**

On September 21, 2023, the People filed a Magistrate's Complaint against Defendant Villagomez for the offense of the Third Charge of Child Abuse (As a Misdemeanor). *See Magis. Compl.* (Sept. 21, 2023). The Declaration of Probable Cause alleges the following events:

> On or about September 19, 2023 officers were dispatched to the Upi Elementary School in Yigo. They spoke with the school nurse, Lakeisha Mae Tenorio. Tenorio told officers that J.J.V. (Dob: 03/01/2017) was brought to the office with bruising under his left eye, scratches to the right side of his face, and bruising to his right shoulder area. The victim told Tenorio that the injuries were sustained by his father, DONOVAN ALLAN RICO MANIBUSAN, but could not recall what day it occurred. The victim told Tenorio that the injuries were sustained after being struck with a slipper. The victim was absent from school on Monday (September 18, 2023) due to the injuries and was told not to attend school because by [SIC] his mother, MARIA KATHERINE VILLAGOMEZ, because of the bruising.

*Decl. of Prob. Cause* (Sept. 21, 2023).

**B.      Defendant moves to dismiss Charge Three due to a lack of evidence to support the elements of Child Abuse.**

Defendant Villagomez asks this Court to dismiss the Third Charge of Child Abuse because the Declaration of Probable Cause in support of the charges fail to articulate the facts necessary to support the essential elements of the Child Abuse charge. "In the case at hand, the Government merely alleges in the Affidavit of Probable Cause that Ms. Villagomez kept her child, J.J.V., home from school because he had minor injuries." *Deft.'s Mot.* (May 14, 2024) at 3-4. Further, there is no indication that the Defendant was present when the abuse occurred and had knowledge about the cause of the Victim's injuries. *See Id.* at 4. Thus, because the People have failed to show probable cause as to the Child Abuse charge, Charge Three of the Magistrate's Complaint should be dismissed. *Id.*

The People oppose the Motion, asserting that the Declaration of Probable Cause sufficiently establishes probable cause as to the Child Abuse charge. *See Ppl.'s Opp.* (Jul. 18, 2024) at 4. The affidavit is based on the relevant GPD report that contains corroborating statements by Co-Defendant Donovan Allan Rico Manibusan and the Victim. *Id.* Both statements confirmed that Defendant Villagomez "was present and had knowledge of the physical injuries" inflicted upon the Victim and "did nothing to prevent it, nor did provide any medical assistance or call anyone to administer any such aid," and "conspired with Defendant Manibusan to prevent [the Victim] from going to school the next day due to the severity of the bruises." *Id.* at 4-5. The Defendant prevented the Victim from attending school and thus delayed any possible aid for the Victim – "[i]n fact, it was not until two days later when [the Victim] returned to school that he received medical attention from Nurse Tenorio who promptly called GPD [to] report the abuse." *Id.* at 5. Therefore, the People ask the Court to deny Defendant's Motion because sufficient evidence exists to support the Child Abuse charge.

Defendant Villagomez replies that the People, in their Opposition, provide alleged facts that are not contained in the Declaration of Probable Cause. *See Deft.'s Reply* (Aug. 2, 2024) at 3. Further, the People assert that the Defendant "did nothing to prevent [the alleged assault], nor did provide any medical assistance or all anyone to administer such aid," however, the Declaration does not contain such allegations. *Id.* The accompanying police report may contain such allegations, but "these alleged facts did not make it into the Affidavit." *Id.*

//

//

//

//

# DISCUSSION

## A. Controlling law.

Guam law requires that all criminal complaints and their accompanying affidavits must show "probable cause to believe an offense has been committed and that the Defendant has committed it." 8 GCA § 15.20. Probable cause is defined as "such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. San Nicolas*, 2013 Guam 21 ¶ 12, n.5. A finding of probable cause must come "from *the complaint and affidavits* filed therewith that there is *probable cause* to believe that an offense has been committed and that the defendant has committed it. . ." 8 GCA § 15.20(a) (emphasis added). Guam law provides the procedure upon a court's finding of no probable cause:

> (b) If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the court shall dismiss the complaint and discharge the defendant. Such discharge shall not preclude the government from instituting a subsequent prosecution for the same offense.

8 GCA 45.80(b).

## B. The evidence provided in the Declaration of Probable Cause is not sufficient for a finding of probable cause.

The Court first looks to the language of the Child Abuse statute upon which the Defendant is charged in the Complaint:

> (a) A person is guilty of *child abuse* when:
> ...
> (2) having a child in his care or custody under his control, he:
> (C) unreasonably *causes or permits* the physical or emotional health of that child to be endangered.

9 GCA 31.30(a)(2)(C) (emphasis added).

A plain reading of the statute requires that the Defendant unreasonably *causes or permits* the physical or emotional health of that child to be endangered. Turning to the Declaration of Probable Cause, Defendant's allegations read, "The victim was absent from school on Monday (September 18, 2023) due to the injuries and was *told not to attend school because by his mother, [the Defendant], because of the bruising." See Decl. of Prob. Cause*. The Declaration alleges that the Defendant *told* the Victim *to not attend* school because of the bruising. The Court finds that such an allegation does not show that the Defendant *unreasonably caused or permitted* the physical or emotion health of the Victim to be endangered. The Court further finds that the declarations fails to establish a nexus between what is alleged in the Declaration and the essential elements of Child Abuse in the statute.

The People allege that Defendant Villagomez "did nothing to prevent" the Victim's injuries "nor provide any medical assistance or call anyone to administer any such aid." *Ppl.'s Opp.* at 4-5. Further, the Defendant "conspired" with the Co-Defendant to prevent the Victim from attending school due to his injuries, thus delaying any needed medical attention for the Victim. *Id.* However, the Declaration does not contain such allegations of *doing nothing to prevent* the injuries or *conspiring* with the Co-Defendant, only that the Defendant told the Victim *not to attend school because of the bruising*. Certainly, those allegations may have been found in the accompanying police reports, but the Court can only statutorily consider *what is contained* in the Magistrate's Complaint and Declaration pursuant to 8 GCA § 15.20(a). Therefore, the Court finds that the Declaration of Probable Cause does not provide sufficient evidence to support a finding of probable cause.

Moreover, as the law clearly compels the determination to be made on the face of the complaint and probable cause declaration alone, it is irrelevant what statements are contained in

the discovery pertinent to this case. The Court cannot consider matters outside of the four corners of the complaint and accompanying affidavit.

## CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss Charge 3 for Lack of Probable Cause is **GRANTED**. The Court shall issue its Order of Dismissal Without Prejudice on separate cover in conformity with this Decision and Order.

**SO ORDERED** this 23rd day of May, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam